STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-201

TIMOTHY COTONE

VERSUS

CORROSION CONTROL SYSTEMS, ET AL.

**********
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF IBERIA, NO. 109252-E
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, J. David Painter, and David E. Chatelain,[*]
Judges.

**AFFIRMED.**

**Kevin Duck, Attorney at Law**
**4906 Ambassador Caffery Parkway, Suite 1010**
**Lafayette, LA 70505**
**Counsel for Plaintiff/Appellee:**
    **Timothy Cotone**

**E. Phelps Gay, Attorney at Law**
**650 Poydras Street, Suite 2300**
**New Orleans, LA 70130**
**Counsel for Defendant/Appellee:**
    **Maxum Industries, LLC**

**Scott A. Soule, Attorney at Law**
**2300 Energy Center**
**100 Poydras Street**
**New Orleans, LA 70163**
**Counsel for Defendant/Appellee:**
    **American Longshore Mutual Assn.**

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Thomas J. Wagner, Attorney at Law**
**650 Poydras Street, Suite 2660**
**New Orleans, LA 70130**
**Counsel for Defendant/Appellant:**
      **Corrosion Control Systems, LLC**

**PAINTER, Judge.**

Corrosion Control Systems, Inc. (Corrosion) appeals the trial court's grant of summary judgment in favor of one of its co-defendants, Maxum Industries, LLC (Maxum), in this personal injury case. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Timothy Cotone (Cotone), was employed as a shipyard supervisor by Superior Derrick Services (Superior). Superior was hired by Nabors Offshore Corporation (Nabors) to convert Barge RIG 100, an inland barge, into a drilling rig. Corrosion was hired to perform sandblasting and painting services. Maxum supplied temporary workers to Superior for the performance of welding and fitting services.

Cotone alleges that he was injured on November 3, 2006, when he stepped into an open hole on the barge owned by Nabors. Cotone initially filed suit against only Corrosion, alleging that a Corrosion employee removed the safety cables used to protect and secure the hole and covered the deck, including the hole, with a plastic covering. By first supplemental and amending petition, Maxum, National Union Fire Insurance Company of Louisiana, Evanston Insurance Company (Evanston), and XL Specialty Insurance Company (XL Specialty) were added as defendants. In this petition, Cotone alleged that either a Corrosion or Maxum employee removed the safety cables. Evanston and XL Specialty were voluntarily dismissed by Cotone.

Maxum filed a motion for summary judgment alleging that there was an absence of evidence that any employee of Maxum contributed to Cotone's injury. Cotone did not oppose the motion. Corrosion opposed the motion and asserted that there were genuine issues of material fact regarding Maxum's actions at and around the hole in question.

The trial court granted Maxum's motion, specifically finding that there was "no evidence from which [it] or any trier of fact could conclude that a Maxum employee either removed the safety cables, or placed the plastic over the hole." Accordingly, the trial court dismissed Cotone's claims against Maxum with prejudice and designated the judgment as final and appealable pursuant to La.Code Civ.P. art. 1915.

1

Corrosion now appeals that judgment, asserting that the trial court lacked the undisputed factual foundation necessary for its grant of summary judgment. Cotone does not appeal the grant of summary judgment in favor of Maxum.

## DISCUSSION

Louisiana Code of Civil Procedure Article 966(B) states that a summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." If the party moving for summary judgment will not bear the burden of proof at trial, it need merely point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La.Code Civ.P. art. 966(C)(2). Whether a particular fact in dispute is material can only be determined in light of the substantive law applicable to the case. *Foreman v. Danos and Curole Marine Contractors, Inc.*, 97-2038 (La.App. 1 Cir. 9/25/98), 722 So.2d 1, *writ denied*, 98-2703 (La. 12/18/98), 734 So.2d 637.

It is well settled that appellate courts must use the de novo standard of review to review a trial court's grant or denial of a motion for summary judgment under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate in any given case. *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226.

Cotone asserts a claim of negligence against Maxum. Thus, the duty-risk analysis is employed, and Cotone must prove five separate elements: (1) whether the defendant had a duty to conform his conduct to a specific standard; (2) whether the defendant's conduct failed to conform to the appropriate standard; (3) whether the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) whether the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) whether the plaintiff was damaged. *Cusimano v. Wal-Mart Stores, Inc.*, 04-0248 (La.App. 1 Cir. 2/11/05), 906 So.2d 484.

2

Cotone's deposition was introduced in support of Maxum's motion for summary judgment. Maxum specifically points to Cotone's testimony that he was the last person to leave the barge on the evening before his accident and that, at the time he left, the safety barricades were in place and that there was no plastic sheeting obscuring the manhole in question. He further testified that he and his crew worked days while the Corrosion painting crews worked nights.

In response to discovery propounded by Cotone, Maxum produced an invoice submitted to Superior, which included a list of employees working at Superior's yard for the period beginning October 30, 2006, and ending November 5, 2006. Based on these records and the testimony of Maxum representatives, the trial court found that the majority of welders and fitters supplied by Maxum worked in other areas of Superior's yard and not on the barge.

Rigoberto Cornejo Garcia's deposition was submitted in support of the motion for summary judgment. Garcia was employed by Maxum as a welder. Garcia testified that every single manhole had a barricade set up around it. Garcia further testified that while he had to pass through the manholes to go beneath the barge deck to do his work, he never removed the barricades or the wires to get down below the deck. He also testified that he left at five o'clock every day. Garcia also testified that Guadeloupe Robles, Desantos, and Isidro De La Cruz were other Maxum employees who worked on the barge where Cotone's accident occurred.

Brennan Segura's deposition was also submitted in support of the motion for summary judgment. Segura was a project manager for Maxum at the time of the subject accident. He testified that he was responsible for recruiting welders and fitters and placing them at the job site. He further testified as to the identity of Maxum workers present at the job site during the dates at issue, including Garcia and Porfirio Diaz.

Diaz, who was a translator for the Maxum employees, was also deposed. Diaz testified that he never saw any holes without barricades and that Maxum employees would climb between or over the cable wires to go down in a manhole. He also

3

testified that, on the day before the accident, he did not recall seeing any plastic sheeting on or around the barge.

Glenn Russo's deposition was also taken. Russo was employed by Corrosion as a manager at the time of the accident. Russo testified that his foreman, Jamie Lopez, confirmed that it was Lopez's crew that put the plastic sheeting over the manhole.

Maxum's evidence need not dispose of the issue of who removed the safety barricades or placed the plastic sheeting over the manhole. No evidence was submitted to the trial court which could have allowed a reasonable trier of fact to conclude that a Maxum employee either removed the cables from the barrier or place the plastic sheeting over the hole. We agree with the trial court that Corrosion failed to present any evidence that Maxum was responsible for Cotone's injuries. Accordingly, the summary judgment in favor of Maxum is affirmed.

## DECREE

The trial court's summary judgment dismissing Cotone's claims against Maxum is affirmed. Costs of this appeal are assessed to Defendant-Appellant, Corrosion.

**AFFIRMED.**

4